**[Cite as *State v. Hinton*, 2026-Ohio-2453.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 25AP0054 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GERALD HINTON | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 2014 CRC-I 000266 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2026

FLAGG LANZINGER, Presiding Judge.

{¶1} Appellant-Defendant, Gerald Hinton, appeals the judgment of the Wayne County Court of Common Pleas. We affirm.

I.

{¶2} On November 7, 2014, Hinton pleaded guilty to one count of rape of a child under thirteen in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. According to the indictment, the victim was three years old at the time of the offense. On December 10, 2014, the trial court filed a judgment entry sentencing Hinton to a definite term of life without parole, automatically classified him as a tier III sex offender, and ordered him to pay court costs. On May 18, 2015, Hinton appealed the trial court's December 9, 2014, judgment entry. This Court dismissed the attempted appeal for lack of jurisdiction. On December 28, 2015, Hinton filed a motion for leave to file a delayed appeal. This Court granted Hinton's motion on February 3,

2016. However, this Court dismissed Hinton's delayed appeal for failure to file a brief on September 19, 2016.

{¶3} Relevant to this appeal, Hinton filed a "Motion to Terminate an Unlawful Sentence" on September 2, 2025. Hinton argued his sentence was unlawful because the indictment "did not include a Sexual Violent Predator Specification Authorizing the Court to impose a Sentence of Life Without Parole." In a judgment entry filed September 4, 2025, the trial court denied Hinton's "Motion to Terminate Unlawful Sentence" on the basis it lacked jurisdiction to consider the motion.

{¶4} Hinton appealed, raising six assignments of error. For ease of analysis, we combine his assignments of error.

## II.

### ASSIGNMENT OF ERROR I

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT REFUSED TO ACKNOWLEDGE STATE VS CARTWRIGHT, 1998 OHIO APP. LEXIS 5549, ATTACHED WITH ORIGINAL FILING IN VIOLATION OF DR 1-102(A)(4) AND THE OHIO RULES OF PROFESSIONAL CONDUCT RULE 1.1 WHEN THE COURT SENTENCED APPELLANT TO LIFE WITHOUT PAROLE WHEN APPELLANT IS A FIRST TIME OFFENDER[.]**

### ASSIGNMENT OF ERROR II

**THE COURT WAS IN ERRO[R] AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT REFUSED TO ACKNOWLEDGE STATE VS STANSELL, 2021-OHIO-203 ATTACHED WITH THE ORIGINAL FILING IN VIOLATION OF DR 7-106(A) AND THE OHIO RULES OF PROFESSIONAL CONDUCT RULE 2.2 WHEN THE COURT SENTENCED APPELLANT TO LIFE WITHOUT PAROLE WHEN THE APPELLANT HAS NO JUVENILE HISTORY[.]**

### ASSIGNMENT OF ERROR III

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT REFUSED TO ACKNOWLEDGE**

**STATE VS DECK, 2021-OHIO-3145 ATTACHED WITH THE ORIGINAL FILING IN VIOLATION OF DR 7-1-6(A) AND[] THE OHIO RULES OF PROFESSIONAL CONDUCT RULE CANON 2, 2.2, AND 2.3 WHEN THE COURT SENTENCED APPELLANT TO LIFE WITHOUT PAROLE, WHEN THE APPELLANT DOES NOT HAVE A CRIMINAL RECORD[.]**

### ASSIGNMENT OF ERROR IV

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT REFUSED TO ACKNOWLEDGE [S]TATE VS DENIKE, 2021-OHIO-4580 ATTACHED WITH THE ORIGINAL FILING IN VIOLATION OF DR 1-102(A)(6) AND THE OHIO RULES OF PROFESSIONAL CONDUCT RULES 2.5, 2.6, AND 2.7 WHEN THE COURT SENTENCED THE APPELLANT TO LIFE WITHOUT PAROLE. WHEN THERE WAS NO SEXUALLY VIOLENT PREDATOR SPECIFICATION IN THE APPELLANT'S INDICTMENT[.]**

### ASSIGNMENT OF ERROR V

**THE COURT WAS IN ERROR AND THE ACCUSED WAS JUDICIALLY PREJUDICE. WHEN THE COURT CONSCIOUSLY REFUSED TO ACKNOWLEDGE, ACCEPT, OR CONSIDER THE ACCUSED PHYSICAL "PROOF!" BY A PREPONDERANCE OF THE EVIDENCE THAT NO SEXUAL PENETRATION TOOK PLACE IN VIOLATION OF THE OHIO RULES OF PROFESSIONAL CONDUCT RULES 2.2, 2.3, 2.4, 2.5, 2.6, 2.7, AND 18 USCS §241, §242 AND §2076 CONCERNING THE CLERK OF COURT, WHEN THE COURT SENTENCED THE APPELLANT TO LIFE WITHOUT PAROLE. WHEN APPELLANT DID NOT HAVE SEXUALLY VIOLENT PREDATOR SPECIFICATION HEARING CONCERNING THIS CASE[.]**

### ASSIGNMENT OF ERROR VI

**THE COURT WAS IN ERROR AND THE APPELLANT WAS JUDICIALLY PREJUDICE. WHEN THE APPELLANT HAS NEVER BEEN CONVICTED OF A SEXUALLY VIOLENT PREDATOR OFFENSE NOR HAS APPELLANT PLEAD GUILTY TO OR WAS FOUND GUILTY OF SUCH OFFENSE[.]**

**{¶5}** In his assignments of error, Hinton contends the trial court erred when it denied his "Motion to Terminate an Unlawful Sentence." We disagree.

**{¶6}** Here, the trial court denied Hinton's motion on the basis that it did not have jurisdiction to consider the motion. It is well-established that a "criminal sentence is final upon

the trial court's issuance of a final order." *Allen v. Spitler*, 2023-Ohio-2525, ¶ 13 (9th Dist.), citing *State v. Carlisle*, 2011-Ohio-6553, ¶ 11. The Ohio Supreme Court has explicitly held that a "trial court lacks authority to reconsider a final judgment in a criminal case." *State v. Raber*, 2012-Ohio-5636, paragraph one of the syllabus. "This is so even if the trial court's sentence contains an error, making the sentence voidable . . . ." *Allen* at ¶ 14.

{¶7} On appeal, Hinton asserts his sentence is void rather than voidable because it is contrary to law. Hinton argues that trial court did not have authority to sentence him to a definite term of life in prison because the indictment did not include a sexually violent offender specification. However, a sentence is only void "when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *State v. Harper*, 2020-Ohio-2913, ¶ 42. "[J]urisdiction over indicted criminal matters rests soundly in the court of common pleas." *State v. Smerglia*, 2023-Ohio-1610, ¶ 31 (9th Dist.), citing *Harper* at ¶ 25; R.C. 2931.03. In a criminal matter, a trial court "acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge." *State v. Henderson*, 2020-Ohio-4784, ¶ 36. "A defendant also submits to the court's jurisdiction if he does not object to the court's exercise of jurisdiction over him." *Id.* "Because the trial court here had both subject-matter jurisdiction over the case and personal jurisdiction over [Hinton], his sentence was not void." *State v. Tayse*, 2023-Ohio-1354, ¶ 14 (9th Dist.). "Any sentence based on an error in the court's exercise of its jurisdiction would be voidable, and 'neither the state nor the defendant can challenge [a] voidable sentence through a post[-]conviction motion.'" (Alternations in original.) *Id.*, quoting *Henderson* at ¶ 43.

{¶8} Because Hinton's arguments could have been raised on direct appeal, they are barred by the doctrine of res judicata. Therefore, we cannot conclude that the trial court erred by

denying Hinton's "Motion to Terminate Unlawful Sentence" on the basis it lacked jurisdiction to do so.

{¶9} Hinton's assignments of error are overruled.

III.

{¶10} Hinton's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

GERALD HINTON, pro se, Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and MICHAEL J. DEFIBAUGH, Assistant Prosecuting Attorney, for Appellee.